## United States Bankruptcy Court

## Eastern District Of Washington

| | | |
|---|---|---|
| In Re: | | |
| HW PARTNERS, LLC | Main Case Number: | 11-03366-JAR11 |
| Debtor | | |
| LESTER AND BESTYDIANNE HENDRICKSON | Adversary Number: | 11-80317-JAR |
| Plaintiff, | | |
| vs. | | |
| HW PARTNERS, LLC, et al | | |
| Defendant | **FINDINGS OF UNCONTESTED FACTS SUPPORTING SUMMARY JUDGMENT DECSION** | |

      The current issue before the Court on summary judgment is the priority dispute between Lester and Betsydianne Hendrickson and MKA Real Estate Qualified Fund over sale proceeds from the property of the debtor HW Partners, LLC. The facts, proceedings, and pleading are numerous and voluminous. The Court has entered these findings to focus attention on facts pertinent to its decision and identify in the record their location.

1

# FACTS

Parties

1. HW Partners, LLC (herein "HWP"), is a Washington limited liability company, formed and existing under the Laws of the State of Washington for the purpose of developing vineyard properties in Walla Walla County, Washington. Jason Huntley and Justin Wylie are its partners. HWP is the Debtor-in-possession in this Chapter 11 case having filed its voluntary petition for relief on July 8, 2011. (Doc. #369 p.2; Doc. #353 p.2; 11-03366 Doc. #1).

2. Huntley Family Investments, LLC (herein "HFI") is a limited liability company formed and created by Jason Huntley and his wife for the purposes of investing in various projects in and around Walla Walla County, Washington. Jason Huntley is the managing member of HFI. HFI is, in turn, the managing member of HW Partners, LLC. (Doc. #369 p.3; Doc. #353 p.2).

3. Westmoore Lending Opportunity Fund, LLC (herein "Westmoore") is a limited liability company formed and existing under the Laws of the State of California, managed by Matthew Jennings. (Doc. #369 p.3). Westmoore and Matthew Jennings, are defendants in a law suit filed by the Securities and Exchange Commission in the United States District Court for the Central District of California case # SACV 10-00849 AG (MLGX) on June 15, 2010. (Doc. #369-11 p.2- p.21).

4. MKA Real Estate Qualified Fund I, LLC (herein "MKA") is a limited liability company, organized under the Laws of the State of California, that operates a real estate investment fund. (Doc. #353 p.2; Doc. #369 p.3; Doc. #393 p.9).

11-80317-JAR    Doc 482    Filed 09/12/13    Entered 09/12/13 12:14:56    Pg 2 of 17

5. Lester and Bestydianne Hendrickson (herein "Hendricksons") are husband and wife and currently reside in the state of Colorado. They are the plaintiffs in this adversary proceeding. (Doc. #5 p.4; Doc. #343 p.2; Doc. #369 p.3).

6. Jason D. Huntley and Krischen M. Huntley are husband and wife and constitute a marital community pursuant to the Laws of the State of Washington. They are defendants in this adversary proceeding. (Doc. #5 p.4; Doc. #22 p.2).

7. Justin M. Wylie and Elizabeth Anne Young Wylie are husband and wife and constitute a marital community pursuant to the Laws of the State of Washington. They are defendants in this adversary proceeding. (Doc. #5 p.5; Doc. #22 p.2).

The Project

1. Jason Huntley and Justin Wiley were developers of a project called Eritage. The project was to acquire 320 acres of farmland, develop the land, sub divide it into parcels which could be used as residence with vineyards, and sell them. The vehicles used for this development were HWP and HFI. These entities respectively were to acquire 240 acres and 80 acres of farmland for the project. They needed money to fund this enterprise. Westmoore was to be the source of those funds.

The Original Westmoore Loans to HFI & HWP

2. HFI executed a note to Westmoore dated July 20, 2007 in the sum of $850,000. The note by its terms provides it is to be secured by 80 acres of land yet to be acquired by HFI. (Doc. #369-1 pp. 2-3).

3

3. HWP executed a note to Westmoore dated July 31, 2007 in the sum of $1,600,000.00. This note provides by its terms that it is to secured by a security interest in 240 acres of land yet to be acquired by HWP. (Doc. #369-2 pp.2-3).

Westmoore Borrows from MKA

4. Westmoore needed money to fund these HFI and HWP loans. It borrowed the money from MKA.

5. Westmoore executed a "Secured Promissory Note" to MKA dated September 4, 2007, in the sum of $859,000.00. It was secured by the HFI note to Westmoore, dated July 20, 2007 in the sum of $850,000.00, plus other collateral. (Doc. #29 pp.38-40).

6. Westmoore executed a "Secured Promissory Note" to MKA dated September 21, 2007, in the sum of $3,100,000.00. The note provided it was secured by the HWP note to Westmoore, dated July 31, 2007, in the sum of $1,600,000.00. The note also listed other notes and assignments of deeds of trust, unrelated to the Eritage project, as Westmoore's collateral for this loan. (Doc. #29 pp.42-45).

7. Jason Huntley facilitated these MKA loans by communications with MKA directly and by providing requested financial information to MKA.

8. HWP and HFI, having been funded through Westmoore by MKA proceeded to acquire the land needed for the Eritage project.

The HWP Mortgages

9. HWP, on acquiring its portion of the property needed for the Eritage project, executed five mortgages. These mortgages were on five separate parcels (Estates No. 1, 2, 3, 4 and 6) and were in the amount of $320,000.00 each. They recite by their terms that they are to secure payment according to the terms of HWP's note dated July 31, 2007. HWP's July 31, 2007 note was made payable to Westmoore in the sum of $1,600,000.00 and provided that it was to be secured by mortgages upon acquisition of the property. These five mortgages of $320,000.00 together secure the $1,600,000.00 mortgage. This was the same July 31, 2007 note from HWP to Westmoore, identified as security in the September 21, 2007 note from Westmoore to MKA.

10. These five mortgages were recorded with the Walla Walla County Auditor on December 12, 2007, however they omitted identifying the "Mortgagee." (Doc. # 351-5 pp.2-16). These same mortgages were rerecorded with the Walla Walla County Auditor on December 14, 2007, with the added language identifying "Westmoore Lending Opportunity Fund, LLC" as the "Mortgagee." (Doc. #418-1 pp.2-11).

11. The five HWP mortgages were assigned to MKA by documents captioned "Assignment of Mortgages." These assignments made specific reference to the mortgages and their recording dates. The assignments also contain general language which assigns the notes secured by the mortgages. The assignments of the HWP mortgages were recorded with the Walla Walla County Auditor on June 5, 2008. (Doc. #29 pp.47-61).

### The HFI Mortgages

12. When HFI acquired its real estate for the Eritage Project, it also executed mortgages on the two parcels it acquired (Estate No. 7 aka Tract 2; Estate No. 10 aka Tract 5). These two mortgages were in the amount of $425,000.00 each. These mortgages were to Westmoore and secured HFI's July 20, 2007, note which was in the total sum of $850,000, were dated March 31, 2008, and were recorded with the Walla Walla County Auditor April 2, 2008. (Doc #351-5 pp. 17-22). The mortgage on Estate No. 7, (auditors #2008-03213) contains an incorrect legal description.

13. These two mortgages were assigned to MKA by documents captioned "Assignment of Mortgages." These assignments made specific reference to the mortgages and their recording dates. The assignments also contain general language which assigns the notes secured by the mortgages. The assignments of the HFI mortgages were recorded with the Walla Walla County Auditor on April 18, 2008. (Doc. #29 pp.63-68).

14. Westmoore executed two documents captioned "Satisfaction of Mortgage" relating to the HFI $425,000.00 mortgages on Estate No. 7 and Estate No. 10. These satisfactions were recorded with the Walla Walla County Auditor on May 28, 2008. (Doc. # 423 pp.11-14). The legal description in the satisfaction relating to Estate No. 7 is the correct legal description.

15. HFI executed a "Mortgage" to Westmoore on Estate No. 7 in the amount of $550,000.00 by document dated May 22, 2008 and recorded May 28, 2008. (Doc. #423 pp.7-8). This mortgage contains the correct legal description of Estate No. 7.

6

16. HFI executed a "mortgage" to Westmoore on Estate 10 in the amount of #300,000.00 by document dated May 22, 2008 and recorded May 28, 2008. (Doc # 423 pp.9-10)

17. At the same time HFI and Westmoore were rewriting the mortgages on Estates No. 7 and 10, they were adjusting their accounts with each other. In this process the July 20, 2007 note balance was to be reduced to $525,000.00. A new note was to be issued by HFI to Westmoore in the sum of $870,000.00, secured by a deed of trust on tract 5 aka Est. 10. (Doc. #424 pp.1-10). An unsigned copy of that note dated June 20, 2008, has been supplied to this Court. (Doc. #425-2 pp.2-3). It does not appear that this note was ever signed or that the referenced mortgage ever executed. Nevertheless, the accounting between HFI and Westmoore was apparently adjusted on Westmoore's books. These then are the same amounts used by HFI, HWP and Westmoore at the time of consolidation.

The Consolidation of Loans

18. In the late summer or early fall of 2008, HWP, HFI and Westmoore entered into a number of transactions. The participants' motivation for these actions is in factual dispute. HWP and HFI contend that these transfers were done with the purpose of simplifying the Eritage project, placing ownership of the entire project in HWP's name and consolidating the multiple note obligations into one note.

7

19. Jason Huntley, as member and manager of HFI, executed a "Quit Claim Deed," from HFI to HWP. This quit claim deed transferred the HFI interest in the parcels known as Ests. #7 and #10 of the Eritage project. This quit claim deed was dated October 2, 2008, and recorded in Walla Walla County on October 10, 2008. (Doc. #344-2 pp.16-17). This transfer placed title of the entire Eritage project in the name of HWP.

20. HWP, HFI and Westmoore then rewrote and consolidated a number of their notes. The notes consolidated were as follows:

| Maker | Payee | Date of Note | Amount Due | Interest |
|---|---|---|---|---|
| HFI | Westmoore | 06/20/2008 | $904,024.66 | includes interest |
| HWP | Westmoore | 07/31/2007 | $1,740,513.98 | $43,512.84 |
| HFI | Westmoore | 07/2/2007 | $525,000.00 | $13,197.92 |
| | | | $3,169,538.64 | $56,710.76 |
| | | | Grand Total: | $3,226,249.40 |

(Doc. #5 pp. 26-27).

21. HWP gave Westmoore a note dated September 30, 2008, in the consolidated sum $3,226,249.40. (Doc. #369). This note was guaranteed by Jason Huntley and Justin Wylie. The note also provided that it was to be secured by approximately 320 acres of real estate, known as the Eritage Community Estates Nos. 2, 3, 4, 5, 6, 7, and 10. No new funds were advanced at the time of the execution of the note. The note was due December 31, 2008.

8

22. HWP executed seven new mortgages to secure its September 30, 2008, note. These mortgages covered parcels referred to as Ests. Nos. 2,3,4,5,6,7, and 10. The mortgages on these parcels were in varying amounts between $100,000.00 to $626,249.40. The total secured by the seven mortgages was $3,226,249.40. They were recorded in Walla Walla County on October 17, 2008. (Doc. #369).

23. In the process of documenting this transaction Westmoore satisfied a number of notes and mortgages. The following information was gleaned from the satisfactions of mortgage recorded with the Walla Walla County Auditor on October 17, 2008. (Doc. #344 pp.27-42).

| Date of Satisfaction recorded | Auditors # for satisfaction | Mortgagor | Mortgagee | Amount | Recorded | Eritage Estate |
|---|---|---|---|---|---|---|
| 10/17/08 | 2008-10565 | HWP | Westmoore | $320,000 | 12/12/07 & 12/14/07 | #1 |
| 10/17/08 | 2008-10566 | HWP | Westmoore | $320,000 | 12/12/07 & 12/14/07 | #2 |
| 10/17/08 | 2008-10567 | HWP | Westmoore | $320,000 | 12/12/07 & 12/14/07 | #3 |
| 10/17/08 | 2008-10568 | HWP | Westmoore | $320,000 | 12/12/07 & 12/14/07 | #4 |
| 10/17/08 | 2008-10569 | HWP | Westmoore | $320,000 | 12/12/07 & 12/14/07 | #5 |
| 10/17/08 | 2008-10570 | HFI | Westmoore | $550,000 | 05/28/08 | #7 |
| 10/17/08 | 2008-10571 | HFI | Westmoore | $300,000 | 05/28/08 | #10 |

24. Each of these "Satisfaction of Mortgage" were executed by Matthew Jennings on behalf of Westmoore. In each of these satisfactions, Westmoore "does hereby acknowledge that said mortgage has been FULLY SATISFIED AND DISCHARGED and does hereby authorize and direct the said County Auditor to enter full satisfaction thereof of record." (Doc. #344 pp.27-42).

25. The HWP mortgages so satisfied all referenced HWP's note to Westmoore dated July 31, 2007. This note was in the sum of $1,600,000.00.

26. The HFI mortgages so satisfied all reference HFI's note to Westmoore dated July 20, 2007. This note was in the sum of $850,000.00.

27. Both of the above referred notes were consolidated along with a third note to comprise the September 30, 2008 note, leaving the sum of $3,226,249.40 as the amount due on that new note.

28. At the time of the rewriting and consolidation of these notes and the satisfaction of the mortgages it is asserted that the original notes were in the possession of either Westmoore, HWP or HFI. There is no evidence that the original notes which were rewritten and consolidated were ever in the possession of MKA. (Doc. #353 p.8). MKA denies that it had any knowledge of, consented to, or authorized this rewriting and consolidation.

The Hendrickson Loan

29. After the rewriting of these old notes and mortgages having been accomplished, Westmoore with the assistance of Jason Huntley, sought to borrow $1,000,000 on a short term basis using the September 30, 2008 note as collateral.

30. The Hendricksons, longtime clients of Jason Huntley and his consulting firm HTI, were the lenders. Westmoore executed a note dated October 23, 2008, in the sum of $1,000,000 to the Hendricksons. (Doc. #369-7 pp.2-5). This note was due December 31, 2008. The note was secured by an assignment of the September 30, 2008, $3, 226,249.40 note made by HWP and payable to Westmoore, an assignment of the mortgages securing that note, and a UCC-1 financing statement. (Doc. #369-7 pp.2-5; Doc. #369-8 pp.2-6; Doc. #89 pp.8-12). This financing statement was filed with the Washington Secretary of State on October 23, 2008. It listed Westmoore as the Debtor, the Hendricksons as the Secured Parties, and identified the collateral as follows:

> Security in payments made under that certain Promissory Note in the amount of $3,226,249.40 dated September 30, 2008 by NW Partners, LLC, a Washington limited liability company, to Westmoore Lending Opportunity Fund, LLC, a California limited liability company, and secured by Mortgages recorded in Walla Walla County, Washington, AFNs 2008-10572, 2008-10573, 2008-10574, 2008-10575, 2008-10576, 2008-10577 and 2008-10578.

In the course of documenting this loan, a title search was conducted which did not reveal MKA's interest in the mortgaged real estate.

11

31. The note and assignments of mortgage were held by Paul Larson in escrow pursuant to "Escrow Instructions" dated November 8, 2008 (Doc. #381-1). The Instructions directed Mr. Larson, in event that Westmoore failed to pay its obligation to Hendricksons by December 31, 2008, to deliver the original HWP September 30, 2008 note to Hendricksons no later than January 5, 2009. Upon default, the note was so delivered.

32. Upon receipt of the original note, Hendricksons entered into negotiations with Jason Huntley and HWP for payment of the HWP September 30, 2008 note in the sum of $3,226,249.40 note. Hendricksons, HWP, and Jason Huntley ultimately agreed that Hendricksons would be paid $2,000,000 for release of the HWP note.

33. In the process of attempting to borrow the money needed to finance this reduction of debt and payoff, the prospective lender ran a title check and discovered the MKA assignments of mortgage.

34. MKA, after discovering that there was a dispute with the Hendricksons over priority in the collateral, filed a financing statement with the California Secretary of State on June 2, 2009. (Doc. #352-8). This financing statement identified the debtor as Westmoore, MKA as secured party, and referenced in the miscellaneous section "Loan- Westmoore, Huntley #21- $3,100,000." The collateral that this financing statement covered was listed and attached as Exhibit A. Exhibit A is as follows: (Doc. #352-8 pp.2-4).

12

Exhibit A

Description of Collateral

All of the following described property (collectively, the "Collateral"), whether now or herein after acquired, and in which the Debtor now has or hereafter obtains any right, title, Estate or Interest, together with all additions and accessions thereto and replacements therefore, and all proceeds of such property, subject and subordinate in lien and in payment to the lien and payment of any deed of trust recorded against the property prior to the recording of this fixture filing (for purposes of this Exhibit "A", the term "proceeds" includes whatever is receivable or received when the following described property or proceeds is sold, collected, exchanged, or otherwise disposed of, whether such dispositions is voluntary or involuntary, and includes, without limitation, all rights to payment, including return premiums, with respect to any instance relating thereto):

1. All shares of stock or other evidence of ownership of any part of the Collateral that is owned by Debtor in common with others, including all documents and rights of membership in any owners' or members' association or similar group having responsibility for managing or operating any party of the Collateral;

2. Without limiting the above, all goods, accounts, documents, instruments, money, deposit accounts, chattel paper and general intangibles, as those terms are defined in the Commercial Code from time to time in effect in the State of California; and

3. All proceeds, replacements, substitutions, products, accessions and increases within any one or more of the following types of collateral; goods, equipment, inventory, instruments, chattel papers, documents, accounts or general tangibles.

35. HWP was not able to finance the payoff of its note to the Hendricksons. When HWP failed to perform on the reduction of debt and payoff agreement, Hendricksons commenced this lawsuit to foreclose on the HWP note and mortgages.

36, Hendricksons filed a "Complaint for Breach of Contract, Fraud and Foreclosure of Mortgages" in the Superior Court for Walla Walla County (herein "Superior Court") on August

13

17, 2009. The complaint named HWP, HFI, Westmoore, MKA, Jason Huntley and his marital community and Justin Wylie and his marital community as defendants. (Doc. #5 pp. 3-89)

37. MKA answered and counterclaimed, seeking foreclosure in response to the Hendricksons complaint. (Doc. # 29 pp. 1-29). HWP and Westmoore also answered and filed cross claims.

38. The Hendricksons filed two motions for partial summary judgment in Superior Court, one against Westmoore, HWP, the Huntleys and the Wylies for breach of contract (Doc. #15) and one against MKA, seeking determination of the lien priority dispute between Hendricksons and MKA. (Doc. # 86). Judge Lohrman issued a letter opinion dated October 15, 2010 regarding these issues (Doc. #112). On January 14, 2011, the Superior Court entered an order granting plaintiffs' motion on the breach of contract issues. (Doc. #143). It did not rule on the priority dispute between Hendricksons and MKA. (Doc. #143 p.5).

39. On July 8, 2011, HWP filed its Chapter 11 bankruptcy petition in the Eastern District of Washington (11-03366). On August 8, 2011, HWP initiated an adversary proceeding removing the Superior Court case to this Court. (Doc. #1 pp.1-40).

40. On August 12, 2011, the District Court for the Central District of California in the case of *Securities and Exchange Commission v. Westmoore Management, LLC, et al.,* Case No. SACV 1088498AG ordered a permanent injunction and receivership appointment (herein

"Receivership Court"). The District Court appointed David A. Gill as the permanent receiver (herein "Reciever") for Westmoore. (Doc. #369 Ex. M).

41. Back in Bankruptcy Court, Hendricksons filed a motion to remand the proceedings to state court which was subsequently denied. (Doc. #199). The order denying the motion to remand noted that the parties had consented on record to this Court entering a final order in this adversary proceeding. (Doc. #262).

42. The Hendricksons then renewed their motion for summary judgment on the issue of lien priority. (Doc. #340,341). The Hendricksons asserted that their interest in Eritage Properties 2, 3, 4, 5, 6, 7, and 10 were senior to any lien claimed by MKA. MKA opposed this motion. (Doc. # 353,356).

43. During the pendency of this litigation, the real estate which was the subject of the litigation was liquidated and sold. On January 20, 2013, HWP filed its motion to sell the Eritage Properties 1, 2, 3, 4, 5, 6, 7, 10 to Business Growth Capital, LLC. (11-03366-JAR11 Doc. #120). The Bankruptcy Court approved this sale. (11-03366-JAR11 Doc. #131). The Eritage Property was sold and the proceeds are being held subject to further order of this Court. (11-03366-JAR11 Doc. #143).

44. After the property was sold, the parties reached a settlement agreement (herein "Mediated Settlement"). (Doc. #161). The Mediated Settlement did not settle the issue of the

15

priority dispute between MKA and the Hendricksons. However, the settlement set aside the sum of $1,950,000.00 pending the Bankruptcy Court's decision on the priority dispute.

45. Under the terms of the Mediated Settlement, Hendricksons and the Receiver of Westmoore entered into an agreement (herein "Agreement") to settle the disputes between them. (Doc. #450). The Agreement was contingent on the Receivership Court's approval. The Agreement provided for the permanent assignment of HW Note and Mortgages effective as of January 1, 2009. The Agreement further provides:

> 3. Confirmation and Ratification of Permanent Assignment
>
> (a) The Receiver hereby confirms and ratifies the permanent assignment to and ownership by the Hendricksons of the HW Note and the Mortgages, such permanent assignment and ownership becoming effective as of January 1, 2009, upon Westmoore's default under the terms of the Westmoore Note.
>
> (b) The Receiver waives any and all obligations, if any, under Revised Code of Washington § 62A.9A to proceed with an Article 9 foreclosure upon Westmoore's default on the Westmoore Note to acquire possession of and right, title and ownership of the HW Note, with guarantees, and the Mortgages.
>
> (c) In the event that subparagraphs (a) or (b) or either of them is construed by a court to be ineffective to grant ownership of the HW Note and Mortgages to the Hendricksons, the Receiver hereby assigned to the Hendricksons all rights, title and ownership of the HW Note and Mortgages.

(Doc #450-1 p.4).

46. The Mediated Settlement has been approved by both the Receivership Court (Doc. #476-1 pp.1-3) and by this Court. (Main Case Doc #175).

11-80317-JAR    Doc 482    Filed 09/12/13    Entered 09/12/13 12:14:56    Pg 16 of 17

47. The priority dispute between Hendricksons and MKA, on summary judgment concerns entitlement to the $1,950,000.00 proceeds of the bankruptcy sale currently held pending further order of this Court.

Done this 12 day of September, 2013

JOHN A. ROSSMEISSL
BANKRUPTCY JUDGE

17