**United States Bankruptcy Court**

**Eastern District Of Washington**

| | |
|---|---|
| In Re: | |
| HW PARTNERS, LLC | Main Case Number: 11-03366 |
| Debtors. | |
| LESTER L. HENDRICKSON, and BETSYDIANNE HENDRICKSON, husband and wife, | Adversary Number: 11-80317 |
| Plaintiff(s), | |
| vs. | |
| HW PARTNERS, a Washington limited liability company; JASON D. HUNTLEY, in his individual capacity; JASON D. HUNTLEY and KIRSCHTEN M. HUNTLEY, husband and wife; JUSTIN M. WYLIE, in his individual capacity; JUSTIN M. WYLIE and ELIZABETH ANNE YOUNG WYLIE, husband and wife; HUNTLEY FAMILY INVESTMENTS, LLC, a Washington limited liability company; HUNTLEY THATCHER, ELLSWORTH, LTD., a Colorado corporation; WESTMOORE LENDING OPPORTUNITY FUND, LLC, a California limited liability company; MKA REAL ESTATE QUALIFIED FUND I, LLC, a California limited liability company; and PACIFIC NORTHWEST TITLE INSURANCE COMPANY, INC. d/b/a WALLA WALLA TITLE COMPANY, a Washington corporation | **Clarification and Modification of Memorandum (Doc. #540)** |
| Defendants. | |

Clarification and Modification
of Memorandum (Doc. #540)
06/11/14

1

This matter came before the Court on June 3, 2014, upon MKA's Presentment of Order (Doc. #549), "Plaintiffs' Memorandum in Response to Defendant MKA's Proposed Order and in Support of Motion for Amended Findings" (Doc. #554), and Defendant MKA Real Estate Qualified Fund I, LLC's "Opposition to Plaintiffs' Motion for Amended Findings." (Doc. # 556) The Court having heard argument makes the following clarifications and modifications to the Memorandum (Doc. #540):

**I.** The "Memorandum" (Doc. #483) decided on summary judgment motions the priority dispute between two secured parties. The decision was based on uncontested facts. The "Memorandum" (Doc. #540) decided a dispute between a secured creditor of HWP and an unsecured creditor of HWP. It was decided after a bench trial of the contested facts. These decisions applied different standards dependent on the posture in which the issues were presented to the Court, summary judgment motion (Doc. #483) or contested bench trial (Doc. #540). To eliminate any possible confusion on these points, the Court strikes the following language from Doc. #540 p.1 line 27 thru p.2 line 4;

> The Court's "Findings of Uncontested Facts Supporting Summary Judgment Decision," (Doc. #482) "Memorandum" (Doc. #483), and the matters contained in the parties proposed pretrial order (Doc. #515 pp. 2-11) are hereby incorporated into and made a part of this opinion."

Clarification and Modification
of Memorandum (Doc. #540)
06/11/14                                    2

The following language is substituted in place of the stricken language:

> The matters contained in the parties agreed pretrial order (Doc. #515 pp. 2-11) are incorporated and made a part of this opinion.

**II.** The trial in this adversary proceeding adjudicated the counter claims and cross claims contained in MKA's answer. (Doc. # 29) This Court's ruling judicially enforced MKA's security interest in the July 31, 2007 note between HWP and Westmoore, and foreclosed the mortgage on Estate No. 1 assigned to MKA to secure that obligation. RCW 62A9-601 (a)(1). This makes explicit what was implicit in the "Memorandum." (Doc. #540).

**III.** The dispute over the right to the proceeds of Estate No. 1 is between MKA holding an unperfected interest in the July 31, 2007 note and an assignment of real estate mortgage securing that note and Hendricksons, unsecured creditors. MKA is entitled to the proceeds of Estate No. 1 whether personal property law (RCW 62A.9A-201 (a)) or the real property law is controlling. (RCW 61.16.010; RCW 65.08.060; RCW 65.08.070).

The "Memorandum" (Doc. #540) remains in full force and effect except as specifically modified or clarified herein.

Done this 11th day of June, 2014

_____
John A. Rossmeissl
Bankruptcy Judge

Clarification and Modification
of Memorandum (Doc. #540)
06/11/14                                                                3